UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** <u>CV 08-06412 SJO (AJWx)</u>   **DATE:** <u>October 2, 2008</u>

**TITLE:** <u>Universal City Studios Productions, LLLP, et al. v. RealNetworks, Inc., et al.</u>

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                   Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**                **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                        Not Present

========================================================================

**PROCEEDINGS (in chambers):**
ORDER TRANSFERRING ACTION TO NORTHERN DISTRICT OF CALIFORNIA

This matter is before the Court on Plaintiffs Universal City Studios Productions LLLP, Universal City Studios LLLP, Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Sony Pictures Television Inc., Columbia Pictures Industries, Inc., Sony Pictures Entertainment Inc., Disney Enterprises, Inc., Walt Disney Pictures and Warner Bros. Entertainment, Inc.'s (collectively "Plaintiffs") Application for Temporary Restraining Order ("TRO"), and Order to Show Cause re: Preliminary Injunction, filed September 30, 2008. Defendants RealNetworks, Inc. And RealNetworks Home Entertainment, Inc. (collectively "RealNetworks") filed an Opposition, to which Plaintiffs replied. Because of the following reasons, Plaintiffs' Application and Complaint action are hereby TRANSFERRED to the Northern District of California.

I.   <u>BACKGROUND</u>

On September 30, 2008, RealNetworks began selling a software product entitled "RealDVD," which enables users to make copies of DVDs on their computer hard drives. (Pls.' P. & A. 1.) RealNetworks created this product using DVD Content Scramble System ("CSS") technology, which it obtained pursuant to an agreement with the DVD Copy Control Association ("DVD CCA"), which licenses the use of CSS. (Pls.' P. & A. 8.) The terms of RealNetworks' agreement with DVD CCA provide that disputes between RealNetworks and DVD CCA must be litigated exclusively in Santa Clara County, California. (CSS License Agreement, filed as Pomerantz Decl. Ex. F, at 26.) The agreement also provides that disputes between RealNetworks and third party beneficiaries may be brought in courts located in Los Angeles, Santa Clara, or San Francisco counties. *Id.*

RealNetworks originally planned to release RealDVD on September 8, 2008, but delayed the release at Plaintiffs' request. (Letter from James DiBoise to Glenn Pomerantz, Sept. 25, 2008, filed as Pomerantz Decl. Ex. C.) On September 6, 2008, Plaintiffs and RealNetworks entered into a "standstill agreement" under which all parties agreed to refrain from bringing suit to facilitate

settlement discussions. (Pls.' Reply 1, Defs.' Opp'n 2.) According to Plaintiffs, RealNetworks terminated the standstill agreement on September 22, 2008, which under the terms of the agreement meant the parties could bring suit beginning September 30, 2008. Plaintiffs then asked RealNetworks to delay its release of RealDVD until late October so they could seek injunctive relief, and informed RealNetworks that they intended to file suit in Los Angeles on September 30, 2008. (Letter from Glenn Pomerantz to Robert Kimball, Sept. 25, 2008, filed as Pomerantz Decl. Ex. A.) RealNetworks refused to delay the launch. (Pls.' P. & A. 1.)

On September 30, 2008, at 9:05 a.m. in the Northern District of California, RealNetworks filed a complaint seeking a declaratory judgment against Plaintiffs, DVD CCA, and Viacom, Inc., that RealDVD does not violate the Digital Millennium Copyright Act ("DMCA") or the CSS License Agreement. (08-04548, Docket No. 1.) At 10:21 a.m., Plaintiffs filed their Application in the Central District of California.

II.     DISCUSSION

The "first to file" rule is a generally recognized doctrine of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Mediostream, Inc. v. Priddis Music, Inc.*, No. 07-2127, 2007 U.S. Dist. LEXIS 73707, at *6 (N.D. Cal. Sept. 24, 2007) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 679 F.2d 93, 94-5 (9th Cir. 1982)). The rule allows a court to dismiss, transfer, or stay an action when a similar complaint has been filed in another district. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). This doctrine "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). In applying the "first to file" rule, courts look to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Greenline Industries v. Agri-Process Innovations, LLC*, No. 08-2438, 2008 U.S. Dist. LEXIS 60504, at *8 (N.D. Cal. July 28, 2008). Even if the threshold factors are met, a court may dispense with the "first to file" rule if the first suit filed is anticipatory, meaning the plaintiff filed it "upon receipt of specific, concrete indications that a suit by [the] defendant was imminent." *Xioxide, Inc. v. Ford Motor Co.*, 448 F. Supp 2d. 1188, 1192 (C.D. Cal. 2006).

In deciding whether to transfer an action based on the "first to file" rule, the court in the second-filed action normally does not consider the respective convenience of the two courts. *Alltrade*, 946 F.2d at 628 ("As for the respective convenience of the two courts, normally this argument should be addressed to the court in the first-filed action. Apprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for our consideration.")

Here, RealNetworks filed suit in the Northern District at 9:05 a.m. on September 30, 2008 ("Case 1"). Plaintiffs filed their action and Application at 10:21 a.m. on the same day, in the

Central District.  ("Case 2").  The parties in both cases are substantially the same: in Case 1, RealNetworks brought suit against Plaintiffs and two additional parties, DVD CCA and Viacom, Inc.  In Case 2, Plaintiffs brought suit against RealNetworks.  In addition, the issues in both cases are identical.  In Case 1, RealNetworks seeks a declaratory judgment that its RealDVD violates neither the CSS License Agreement nor the DMCA.  (08-4548 Compl. 9.)  In Case 2, Plaintiffs allege RealNetworks violates both the CSS License Agreement and the DMCA.  (Compl.15.)  Thus, the threshold requirements are met.

Plaintiffs contend that the Court should disregard the "first to file" rule because Case 1 was anticipatory.  (Pls.' Reply 2.)  In support, they point to the fact that RealNetworks filed its action "only after Plaintiffs told RealNetworks it would be filing in Los Angeles."  *Id.*  Indeed, Plaintiffs informed RealNetworks that it would be filing suit in Los Angeles in a letter dated September 25, 2008.  (Letter from Glenn Pomerantz to Robert Kimball, filed as Pomerantz Decl. Ex. A.)  However, Plaintiffs and RealNetworks had a "standstill agreement" under which all parties agreed to refrain from filing suit until September 30, 2008.  (Pls.' Reply 1.)  In this agreement, the parties agreed that "neither party would argue that any delay in asserting any claim during the tolling period is germane to any issue in any litigation."  *Id.*  Despite this, Plaintiffs now argue that because RealNetworks waited to file suit until the date agreed upon by the parties, that suit is improper.  *Id.*  RealNetworks maintains that it "initiated its preparation for filing its declaratory judgment action prior to receiving any correspondence from Plaintiffs' counsel" and that the only reason it did not file earlier is because of the standstill agreement.  (Defs.' Opp'n 2.)  Plaintiffs themselves rely on this agreement to explain their delay in seeking a TRO.  (Pls.' Reply 1.)  In other words, both parties intended to file suit on September 30, irrespective of Plaintiffs' letter to RealNetworks.  As such, it does not appear that RealNetworks filed suit in response to Plaintiffs' letter, and thus the action was not anticipatory.

In addition, the Court finds that judicial economy favors transferring Case 2 to the Northern District, because that is the only district where DVD CAA may be joined as a party, pursuant to the CSS Licensing Agreement.  Therefore, were this Court to decline to transfer Case 2, Case 1 and Case 2 could not be consolidated and the identical issues of the legality of RealDVD under the DMCA and the CSS License Agreement would have to be litigated twice, in two separate courts.

III.    RULING

For the foregoing reasons, the Court hereby TRANSFERS this action to the Northern District of California.

IT IS SO ORDERED.